UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL A. SIMS                                              CIVIL ACTION

versus                                                       NO. 12-409

LYNN COOPER                                                  SECTION: "H" (1)

## REPORT AND RECOMMENDATION

Petitioner, Michael A. Sims, is a state prisoner incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He alleges that, on February 10, 1998, he pleaded guilty under Louisiana law and was sentenced to a term of thirty years imprisonment.[1]

On or about November 25, 2011, petitioner filed the instant application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana.[2] In support of that application, he asserted the following claims:

---

[1] See Rec. Doc. 1, p. 2; Rec. Doc. 1-2, p. 4.

[2] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his application November 25, 2011; therefore, it was obviously given to prison authorities for mailing on or after that date.

1. Petitioner's confinement is unlawful because he was not informed of the nature and factual basis of the charge to which he pleaded guilty;

2. As a result of his illegal sentence and unlawful custody, petitioner is being forced into slavery and/or involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution; and

3. As a result of his illegal sentence and unlawful custody, petitioner is being denied his liberty and his right to equal protection under the law.[3]

On February 7, 2012, it was ordered that this matter be transferred to this Court.[4] On February 16, 2012, the United States District Judge entered the following order:

> Before the court is petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was transferred to this court from the United States District Court for the Western District of Louisiana. Although styled as a writ of habeas corpus under 28 U.S.C. § 2241, it appears that petitioner's claims implicitly challenge the validity of his state court conviction and sentence pursuant to 28 U.S.C. § 2254. See Propes v. District Attorney Office, 445 Fed Appx. 766 (5th Cir. 2011).
> The district court must give a prisoner notice and an opportunity to respond before construing a mislabeled post conviction motion as an initial § 2254 petition. Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). **Petitioner is hereby notified that the court intends to construe his**

---

[3] Rec. Doc. 1, p. 5.

[4] Rec. Doc. 6.

> application as a "Petition Under 28 U.S.C. § 2254 for Writ of
> Habeas Corpus by a Person in State Custody." **Any subsequent
> section § 2254 petition filed by petitioner will therefore be subject
> to the restrictions on second or successive motions.**
>    Petitioner is further notified that he may withdraw the
> Application for Writ of Habeas Corpus under 28 U.S.C. §2241
> altogether, or amend it so that it contains any and all section 2254
> claims he believes he has. Petitioner has until **March 19, 2012** either
> to withdraw or to amend his application. If petitioner fails to respond
> to this Order, the court may construe the petition as an initial petition
> filed pursuant to 28 U.S.C. § 2254.[5]

On or about March 11, 2012, petitioner, in response to that order, filed an "Application to Amend and Clarify to 28 U.S.C. § 2241(c)(3)."[6] In that application, he noted that he was seeking relief under **§ 2241** and that he is in fact barred from seeking relief under **§ 2254** by the provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The "bar" which petitioner is referencing is the one-year statute of limitations imposed by the AEDPA and codified at 28 U.S.C. § 2244(d).[7] In connection with this proceeding, petitioner also filed a motion for a writ of habeas corpus ad testificandum[8] and a motion for a speedy hearing.[9] On October 5, 2012, the pending motions were referred to the undersigned United States Magistrate Judge.[10]

---

[5] Rec. Doc. 8 (emphasis in original).

[6] Rec. Doc. 9.

[7] See Rec. Doc. 1-2, p. 4 ("Petitioner is time bared [sic] by the antiterrorism law ....").

[8] Rec. Doc. 10.

[9] Rec. Doc. 11.

[10] Rec. Doc. 12.

Because petitioner is insisting that he is not seeking relief under § 2254, the first issue which must be resolved is whether he is entitled to have his claims reviewed under § 2241 as he wishes. He is not. Regardless of how they are phrased, petitioner's claims are premised on purported errors which allegedly occurred in his underlying state criminal proceedings. Therefore, the claims implicitly challenge the validity of his state criminal judgment, and he must seek relief under § 2254, **not** § 2241. See Propes v. District Attorney Office, 445 Fed. App'x 766, 767 (5th Cir. 2011), cert. denied, 132 S.Ct. 2103 (2012). The fact that petitioner, by his own admission, has waited too long to seek relief under § 2254 does not make him eligible to proceed under § 2241. As has been explained:

> A petitioner may not utilize § 2241, however, merely to avoid various statutory provisions specifically applicable to § 2254 actions. Relatedly, [the petitioner] argues that he may resort to filing under 28 U.S.C. § 2241, because the remedy provided under 28 U.S.C. § 2254 is "inadequate or ineffective" to test the legality of his conviction. This argument is without merit. Section 2254 specifically governs any challenge to petitioner's state conviction. Section 2241 exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Section 2254 is not "ineffective" merely because the one-year statute of limitations applicable to the filing of a petition under § 2254 has expired ....

Williams v. O'Brien, Civ. Action No. 4:06-CV-834, 2007 WL 60487, at *1 (N.D. Tex. Jan. 5, 2007) (footnotes and quotation marks omitted). Accordingly, this Court may, and should, recharacterize petitioner's federal application as one seeking relief under 28 U.S.C. § **2254**. See Propes, 445 Fed. App'x at 767.

Further, the United States District Judge's order expressly warned petitioner that such recharacterization would mean that any subsequent § 2254 application would be subject to the

restrictions on "second or successive" applications and provided him an opportunity to withdraw his petition or amend it so that it contained all the § 2254 claims he believes he has. Therefore, the Court may now properly recharacterize the application and the restrictions on "second or successive" petitions will apply. See Castro v. United States, 540 U.S. 375 (2003).

In light of the foregoing, the undersigned concludes that petitioner should be granted leave to "amend and clarify" his petition as requested in his pending motion, Rec. Doc. 9. That said, the Court should reject the argument contained in that clarification to the effect that petitioner is properly seeking relief under § 2241. He is not. The only appropriate vehicle for petitioner's claims is a petition seeking relief under 28 U.S.C. § 2254, and the Court, having given petitioner the required warnings, should now recharacterize his pleading as such. Further, in light of petitioner's express concession that any § 2254 challenge to his 1998 state court criminal judgment is time-barred by the AEDPA's one-year statute of limitations, the Court should dismiss the petition with prejudice without requiring a response from the state. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that petitioner's "Application to Amend and Clarify to 28 U.S.C. § 2241(c)(3)," Rec. Doc. 9, be **GRANTED** and the petition be deemed amended and clarified as set forth in that motion.

**IT IS FURTHER RECOMMENDED** that petitioner's federal application be recharacterized as a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER RECOMMENDED** that petitioner's motion for a writ of habeas corpus ad testificandum, Rec. Doc. 10, and motion for a speedy hearing, Rec. Doc. 11, be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this eleventh day of October, 2012.

SALLY SHUSHAN
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.